UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20906-CR-COOKE
CASE NO. 10-20907-CR-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALCATEL-LUCENT FRANCE, S.A.,
    f/k/a "Alcatel CIT, S.A.," et al.,

    Defendants.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALCATEL-LUCENT, S.A.,
    f/k/a "Alcatel, S.A.,"

    Defendant.
_____/

### VICTIM INSTITUTO COSTARRICENSE DE ELECTRICIDAD'S OPPOSITION TO GOVERNMENT'S AND DEFENDANTS' MOTIONS FOR ONE-WEEK EXTENSIONS TO FILE RESPONSE TO ICE'S PETITION

At the status conference of these cases held less than a week ago, counsel for the U.S. Department of Justice (the "DOJ") complained that Instituto Costarricense de Electricidad's ("ICE") petition and memorandum of law (collectively, "ICE's Petition"), which requests designation of ICE as a victim and restitution, should be denied because, in part, "the process would unduly prolong . . . the sentencing here." May 11, 2011 H'rg Tr. at 25:22 – 25:23. Nevertheless, at the end of that conference the DOJ asked to delay its response to ICE's Petition by five days. *Id.* at 32:16-32:20. And remarkably, now the DOJ seeks to again delay its

1

response to ICE's Petition, this time by another week (Case No. 10-20906 Doc. 32; Case No. 10-20907 Doc. 25).[1]

The defendants have asked for the same extension. (Case No. 10-20906 Doc. 33; Case No. 10-20907 Doc. 26.) Yet, it was defendants' counsel who, when the Court proposed to set ICE's Petition for hearing on June 15th, asked that it be scheduled for late May or June 1st, which was the date ultimately set by the Court.

Importantly, the requested one-week extension would prejudice ICE for at least two independent reasons. First, it would curtail ICE's ability to file a reply as contemplated by Local Rule 7.1(c). The requested one-week extension would delay responses to May 25, 2011, and consequently ICE's deadline for its reply would expire on the day of the hearing. And more importantly, it would limit the Court's time to review all of the briefing before the June 1st hearing.

Second, it would leave ICE with very little time to prepare to address the DOJ's (and the defendants') arguments at the June 1st hearing. Although for many months ICE has asked the DOJ to provide authority for its position that ICE is not a "victim," and thus not entitled to restitution, the DOJ has never provided any. Accordingly, the DOJ's response to ICE's Petition will present the first opportunity for ICE to review and analyze the DOJ's legal and factual bases for its position. In turn, ICE will need sufficient time to consider those grounds and be prepared – both with law and facts – to rebut them at the June 1st hearing. Considering the geographic locations and time span of the defendants' criminal activities, seven days (including the Memorial Day holiday weekend) between the deadline for responses to ICE's Petition and the June 1st hearing is not sufficient. Similarly, ICE has virtually no idea what arguments or "facts"

---

[1] In considering the requested extension, it is worth noting that 18 U.S.C. §3771 requires a court to "take up and decide any motion asserting a victim's right forthwith."

the defendants may raise in their response, and thus may need some time to prepare to address those as well at the hearing.

Importantly, as noted above, the briefing schedule for responses to ICE's Petition was discussed at last week's status conference. By the time of the conference, the DOJ and defendants had had ICE's Petition for over a week and thus had ample time to review the extent of ICE's arguments and supporting submissions. Further, presumably counsel for the DOJ was aware of his role in the two trials referenced in his motion for an extension of time. Nevertheless, the motions for extensions include no reason whatsoever why counsel for the DOJ and the defendants did not raise these matters at that time.

Recognizing the demands of law practice, when defense counsel contacted ICE's counsel about the requested extension, ICE's counsel explained that although it objected to a one-week extension, it had no objection to a two-day extension (*i.e.*, to May 20, 2011) (the DOJ has not contacted ICE's counsel regarding its requested extension). A two-day extension would provide the DOJ and the defendants extra time while minimizing prejudice to ICE.

WHEREFORE, ICE respectfully requests that the Court deny the DOJ's and the defendants' motions for one-week extensions of time to respond to ICE's Petition, and instead grant them only an additional two days to respond.

    Respectfully submitted,

    **s/Gianluca Morello**_____
    George L. Guerra, FBN 0005762
    gguerra@wiandlaw.com
    Gianluca Morello, FBN 034997
    gmorello@wiandlaw.com
    Dominique Pearlman, FBN 0044135
    dpearlman@wiandlaw.com

                                        WIAND GUERRA KING P.L.
                                        3000 Bayport Drive, Suite 600
                                        Tampa, FL  33607
                                        Tel: (813) 347-5100
                                        Fax: (813) 347-5198

                                        *Attorneys for Petitioner Instituto Costarricense de*
                                        *Electricidad*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 17, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                          **s/Gianluca Morello**_____
                                        Gianluca Morello, FBN 034997